UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CLINT ARRINGTON,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )            No. 1:20-cv-00053-RWS
                                          )
KIMBERLY LEVI, et al.,                    )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Clint Arrington for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Kimberly Levi and the State of Missouri Public Defender's Office as defendants. (Docket No. 1 at 2). Levi is alleged to be an attorney with the Public Defender's Office. (Docket No. 1 at 3). She is sued in both her individual and official capacities. (Docket No. 1 at 2).

At the time relevant to this complaint, plaintiff was a pretrial detainee being held at the Scott County Jail in Benton, Missouri. (Docket No. 1 at 3-4). In his "Statement of Claim," plaintiff explains that indigent defendants are given a form to fill out to apply for a public defender. (Docket No. 1 at 4). According to plaintiff, it can take weeks to find out if an inmate has been approved for public defender representation, and if approved, the identity of the lawyer. Plaintiff states that

3

public defenders are supposed "to fight for you doing any and everything possible to help beat the case(s) you are fighting, or help get you the best deal possible." However, he alleges that Levi "has failed to do very little, or nothing, to help [indigent] people fight for [their] case(s)." (Docket No. 1 at 5).

Plaintiff states that Levi "basically sits back and does nothing," collecting a paycheck while her clients "get hammered in court." In particular, he asserts that Levi does not send out summons for people to testify, she does not let anyone write statements on their behalf, she does not have the court do drug testing on substances, and she does not have victims screened for drugs. In short, plaintiff claims Levi does not do anything to help her indigent clients win their cases. Moreover, when someone attempts to fire Levi, she tells them that they are stuck with her.

Plaintiff contends that "most lawyers" meet with their clients three times a month. Levi, however, is alleged to meet with her clients only once a month, right before court, for perhaps two minutes "at most." During this period, plaintiff states that Levi is yelling, not listening, and rushing her clients into a plea.

Plaintiff asserts that he is bringing a *Monell* claim against Levi and the Public Defender's Office "for having a custom of denying the plaintiff…legal representation to the fullest of his needs on his case(s)." (Docket No. 1 at 6). He further alleges a civil conspiracy claim pursuant to 42 U.S.C. § 1983. Finally, plaintiff brings state law claims of breach of duty and intentional infliction of emotional distress.

Attached to the complaint are a number of exhibits, including a letter to the MacArthur Justice Center, a letter to the Scott County Circuit Clerk, a letter to Levi, and a letter to Judge David Dolan. (Docket No. 1-1). The Court has reviewed these exhibits and will treat them as part

of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

As a result of defendants' purported actions, plaintiff seeks an injunction to keep defendants from enforcing their unconstitutional policies and customs. (Docket No. 1 at 7). He also requests $100 in nominal damages, $17,500,000 in compensatory damages, $17,500,00 in punitive damages, and $5,000,000 and $25,000,000 in damages on his state law claims.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, against defense attorney Levi and the State of Missouri Public Defender's Office. Having reviewed the complaint, and for the reasons discussed below, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. State of Missouri Public Defender's Office

Plaintiff's suit for damages and injunctive relief from the State of Missouri Public Defender's Office is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court").

Plaintiff has named the State of Missouri Public Defender's Office as a defendant. Missouri's public defender system was created by legislative enactment and "established as an independent department of the judicial branch of state government." *See* Mo. Rev. Stat. § 600.019.1. Thus, a suit against the Public Defender's Office is barred by Eleventh Amendment immunity, unless an exception to sovereign immunity exists. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is present in this case.

First, the United States Supreme Court has determined that § 1983 does not revoke the states' Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). As such, this exception is not applicable.

6

Second, the State of Missouri has not waived its immunity in this type of civil action. *See* Mo. Rev. Stat. § 537.600 (asserting that sovereign immunity is in effect, and providing exceptions). Therefore, this exception also does not apply. Because the State of Missouri Public Defender's Office is immune from suit, plaintiff's claim against it must be dismissed.

### B. Official Capacity Claim Against Levi

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Levi is alleged to be an attorney employed by the State of Missouri Public Defender's Office. As such, an official capacity claim against her is actually a claim against the Public Defender's Office itself. In order to prevail, plaintiff must establish the liability of the Public Defender's Office for the alleged conduct. *See Kelly*, 813 F.3d at 1075.

To the extent that plaintiff is seeking monetary damages, his official capacity claim must be dismissed. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983

provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

To the extent that plaintiff is seeking prospective injunctive relief, he has failed to demonstrate the liability of the State of Missouri Public Defender's Office for violating his constitutional rights.[1] To demonstrate such liability, plaintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, plaintiff has three ways in which to prove the liability of the Public Defender's Office.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a [governmental entity] should have done more to prevent constitutional violations

---

[1] The Court notes that while the doctrine of sovereign immunity bars suit against a state or state agency for any kind of relief, a state official may be sued in his or her official capacity for prospective injunctive relief without violating the Eleventh Amendment. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the…governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a claim against a governmental entity by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff asserts that he is bringing "a *Monell* claim against Kimberly Levi, and the Public Defender[']s Office for having a 'custom' of denying" plaintiff legal representation. Aside from this statement, plaintiff provides no factual support for the existence of an unconstitutional custom. That is, he has not demonstrated "a continuing, widespread, persistent pattern of unconstitutional misconduct," much less that officials were deliberately indifferent to or tacitly authorized such conduct. Instead, plaintiff relies on conclusory language and the restatement of a cause of action, which is not sufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Plaintiff has also failed to establish that the Public Defender's Office had an unconstitutional policy or were deliberately indifferent to training or supervising employees. With regard to policy, plaintiff provides no facts showing that the Public Defender's Office had an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the…governing body." With regard to a failure to train claim, plaintiff points to no "pattern of similar constitutional violations by untrained employees." For these reasons, plaintiff has not stated a claim against the Public Defender's Office. As such, plaintiff's official capacity claim against Levi must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claim Against Levi

Plaintiff's individual capacity claim against Levi must be dismissed because Levi was not acting under color of state law, and because plaintiff has failed to state a claim against her sufficient to withstand § 1915 review.

### i. Color of Law

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Here, Levi is alleged to be an attorney with the Public Defender's Office. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)

("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Nothing in plaintiff's complaint indicates that Levi was acting outside the traditional functions of a defense counsel in a criminal case. That is, his allegations, such as they are, touch on matters of client visitation, plea discussions, and contacting witnesses, all of which are part of a defense attorney's representation of a client. There are no facts to support the proposition that Levi ever exercised any power made possible only because she was a state actor. *See Polk*, 454 U.S. at 317-18 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)) (stating that "a person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"). Therefore, plaintiff's individual capacity claim against Levi must be dismissed.

### ii.    Failure to State a Claim

Even if Levi were a state actor, plaintiff has still failed to state a claim against her. To state a claim under 42 U.S.C. § 1983, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. Plaintiff's "Statement of Claim," though, contains only broad and vague allegations against Levi. At times, plaintiff appears to be making accusations not only on his own behalf, but on the behalf of others as well. For example, he states that Levi "doesn't do anything to help her [indigent] clients to win [their] cases(s)." Similarly, because plaintiff is often writing in the second-person, it is difficult to know whether an allegation refers to something that happened to him, or to someone else. For instance, he claims that "when you try to fire her, or have her removed from your case(s), she tells you that [you're] not allowed to do that since [you're] [indigent]." It is not clear from this statement whether plaintiff is describing a personal experience, or whether he is making a general accusation about

how Levi treats her clients. The distinction is important, since plaintiff cannot bring claims on behalf of other inmates, but must allege a personal loss. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Furthermore, even if the Court assumes that plaintiff's allegations refer to things that happened to him, he has not provided sufficient facts to demonstrate that Levi personally deprived him of his constitutional rights. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Plaintiff has not provided any facts showing a link between an action taken by Levi and an alleged deprivation of any of plaintiff's rights. Therefore, for this reason as well, plaintiff's individual capacity claim against Levi must be dismissed.

**D.  State Law Claims**

Plaintiff asserts that his factual allegations also constitute state law violations. Because plaintiff's federal claims are being dismissed, the Court declines to exercise jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any additional state law claims brought by plaintiff pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of July, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

14